JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Horizon House, Inc.
120 South 30th Street, Phila. Pa 19104

**DEFENDANTS**
East Norriton Townhsip, 2501 Stranbridge Street,
East Norriton, PA 19401

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Guy Vilim, The Law Offi ce of Guy Vilim, LLC
11 South Olive St. 2d Floor, Media, Pa 19063 (610)566-0711

Attorneys *(If Known)*
Jennifer Prior, Kilkenny Law, 519 Swede Street, Norristown,
PA 19401   (484) 679-8150

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☒ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Housing Act Amendments,  42 U.S.C. section 3601 et seq
Brief description of cause:
Disparate treatment and disparate impact in denial of housing rights to disabled citizens

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $   150,000
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/25/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**HORIZON HOUSE, INC.,**
    120 South 30th Street
    Philadelphia, Pa 19104,

                               **Plaintiff**

                                  **v.**

**EAST NORRITON TOWNSHIP,**
    2501 Stanbridge Street
    East Norriton, PA 19401-1616,

                               **Defendant**

                                    :       **C. A. No.**

          :       **Injunctive Relief Requested**

## COMPLAINT

### INTRODUCTION

1.      The plaintiff brings this civil rights action to enjoin the defendant from ongoing unlawful discrimination against persons with mental disabilities.   The defendant has abused its authority as a local government entity in order to preclude the plaintiff from offering housing to disabled persons in East Norriton Township, Montgomery County, Pennsylvania.   The plaintiff comes before this Honorable Court seeking vindication and protection of its rights to offer such housing free from unlawful interference from the defendants.   In doing so, plaintiff seeks both injunctive relief, monetary damages, and fees as the Court deems appropriate.

1

**JURISDICTION**

2.      This Court has jurisdiction of this matter pursuant to 28 U. S. C. §§ 1331,1343(3), and 1343(4).

**THE PARTIES**

3.      The Plaintiff, Horizon House, Inc. (referred to hereinafter as "HHI"), is a Pennsylvania corporation with its principal place of business located at 120 South 30th Street, Philadelphia, PA 19104.   As part of its normal operation, HHI owns properties that are used to provide residential and related services to persons with mental disabilities (commonly referred to as "behavioral health and developmental disabilities"), either mental retardation or mental illness.

4.      The Defendant, East Norriton Township, is a municipality located in Montgomery County, Pennsylvania, with its principal place of business located at 2501 Stanbridge Street, East Norriton, PA 19401.   The Township maintains and enforces a local Zoning Code, (referred to hereinafter as "Z. O."), which is accessible at: https://ecode360.com/8114101.

**THE FACTS**

5.      HHI provides a range of residential services, including those licensed by the Commonwealth of Pennsylvania and known as "Community Residential Rehabilitation Service" homes (referred to hereinafter as "CRRS").

6.      CRR's are licensed and governed by the Commonwealth of Pennsylvania through its Department of Human Services pursuant to regulations promulgated at 55 Pa. Code §§ 5300 et. seq.

2

7.      A CRRS is, by definition, a residence for mentally disabled persons who require some level of assistance in the tasks of day-to-day living.   See 55 Pa. Code §§ 5310.2(a), 5310.2(c), and 5310.21.

8.      A CRRS is specifically defined as: "A homelike non-institutional environment providing maximum opportunities to learn the skills necessary for more independent living," in "a residential setting providing each client the maximum possible autonomy, independence and self-determination." Id.

9.      Depending on the strengths and needs of the disabled persons living in a CRRS, the service often includes "responsible staff to support and assist the client as needed in his [or her] movement to independence." Id.

10.      CRRS are typically houses or apartments that are owned by entities such as HHI, which then offers them as homes to disabled citizen.   55 Pa. Code § 5310.4.

11.      Throughout Southeastern Pennsylvania, HHI currently owns dozens of such homes and provides them to disabled persons in single-family and other neighborhoods throughout the region.

12.      In all actions related to this matter, the Township has acted by and through its Code Enforcement Officer, Tiffany Loomis, who is a policy-making official of the Township and who has acted under color of state law pursuant to her authority as a government official.

13.      On or about December 10, 2018, HHI signed an agreement to purchase a single-family dwelling located at 2921 Stoney Creek Road in East Norriton Township, Pennsylvania.

14.      The Township's Z. O. divides the Township into various zoning districts.

3

15.    Within each district, the Z.O. defines which uses are "permitted" and which require a special zoning permit of one type or another.   Uses that are "permitted" require no such special zoning permit.

16.    The Stoney Creek Road house at issue here is located in a zoning district designated as BR-1.   In a BR-1 district, single-family dwellings are a permitted use.   See East Norriton Township Zoning Ordinance at section 205-30.2, which refers back to section 205-24.

17.    Under the Z.O., the term "dwelling" is defined as:

> A building designed for and occupied exclusively for residential purposes, excluding hotels, rooming houses, tourist homes, institutional homes residential clubs, motor courts and the like: but including the following:

> A.   Single-Family Dwelling

> A building designed for an occupied exclusively as a dwelling for one family. This shall include a motor home.

18.    Under the Z.O., the term "family" is defined as:

> Any number of individuals related by blood or marriage, including adopted children, foster children or minor children under the legal custody of an adult, living together as a single nonprofit housekeeping unit and doing their cooking on the premises on a single cooking facility; including two gratuitous guests. Family shall exclude, however, occupants of a club, fraternity house, lodge, residential club or rooming house. **Family shall be deemed to include unrelated persons with disabilities living together as a functional family equivalent** (emphasis added).

19.    Under the Z.O., the term "Group Home" is defined as:

4

> A residential facility used as living quarters by any number of unrelated persons requiring special care, specifically designed to create a residential setting for the mentally and physically handicapped.   The individuals may be either transient or permanent residents.   Any number of handicapped persons, as defined in Title VII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, have the right to occupy a dwelling unit in the same manner and to the same extent as any family unit.

20.    Under the Z.O. the term "institution" is defined as: "Any church, hospital or other non-profit-making organization."

21.    The Ordinance does not define either the phrase "institutional home" or "functional family equivalent."

22.    What the Z. O. does do, is to require that a Group Home obtain a special exception permit from the local Zoning Board in order to exist in a BR-@ district.   See Z. O. at section 205-21.

23.    Under the Z. O, in order to obtain such a permit, a residents of the group home must:

a.  Install a fire sprinkler system throughout the house.

b.  Install sophisticated fire alarms throughout the house.

c.  Describe in detail to the Township the disability of each resident so that the Township, with its apparent expertise, can assure that the home is "adequately" staffed.

d.  Provide a minimum of at least four off-street parking spaces.

e.  Guarantee that at least one paid staff person is present in the home at all times regardless of the needs of the residents.

5

24.    The Township imposes none of these requirements on non-disabled residents of single family dwellings.

25.    If required, these extra requirements will be prohibitively expensive, effectively denying the house as a residence to disabled persons.

26.    In this matter, HHI plans to use the Stoney Creek house as a CRRS home for up to three disabled people and the zoning classification of a single-family dwelling.

27.    The goal for these residents is that the home will become their long-term residence, where they will receive mail, register to vote, and where they will share their lives with the other residents domiciled there.

28.    As a group, the residents will live together, cook, clean, and eat together, recreate together, and share important moments in their lives together. They will live as a single nonprofit housekeeping unit, cooking all meals and eating in a single kitchen and dining room.

29.    The residents will not be in any way transient and they will use the house as their only home.   They will also share their day-to-day activities and important events in their lives and will, in every respect, live together as the functional equivalent of a family.

30.    The residents of the house will live as a functional family equivalent.

31.    The residents will be the only family living at the house, making it a single-family dwelling.

32.     Depending on their individual strengths and needs, the residents may have HHI staff present with them in the house to assist them in activities of daily life so that they can live and, "to the same extent as any other family," thrive in a home that is not an institution.

6

33.     On or about December 4, 2018, the current owner of the Stoney Creek Road property applied to the Township for a Use and Occupancy Permit.

34.     In response to the application, the Township's Zoning Officer/Code Enforcement Officer, Tiffany Loomis, declared that HHI's intended use of the house was that of a Group Home and denied the permit.

35.     When HHI learned of this denial, it alerted its legal counsel, who wrote to Ms. Loomis and advised that the denial and any interference with HHI's use of the property as a single-family dwelling was unlawful.   See correspondence from Guy Vilim to Tiffany Loomis dated December 12, 2018, a copy of which is attached hereto as Exhibit "A."

36.     In response, the Township apparently sought guidance from its Solicitor, who responded by letter dated December 14, 2018, confirming the Township's position that if HHI purchases the property and offers it to three disabled residents as their home, the Township would consider the home to be a Group Home under the Z.O. and would require that HHI obtain a Special Exception zoning permit and incorporate all the additional physical requirements on the property before the Township would allow its use.   See correspondence from Jennifer Prior to Guy Vilim dated December 14, 2018, a copy of which is attached hereto as Exhibit "B."

37.     HHI purchased the house on or about January 31, 2019.

38.     Disabled residents are scheduled to move into the house when they can be readied during April, 2019.

39.     On March 8, 2019, HHI submitted its own application for a Certificate of Occupancy to the Township.

7

40.     Under Township law, HHI may not occupy the house unless it receives a Certificate of Occupancy.

41.     On March 14, 2019, the Township denied HHI's Application, again asserting that HHI must comply with all of the Township's group home requirements in order to obtain its Certificate of Occupancy.   A copy of that denial is attached hereto as Exhibit "C".

42.     As a result of the Township's actual and threatened actions, HHI has been denied its protected right to offer the CRRS as a home for disabled persons who are suited to living there.

## COUNT I

43.     The Plaintiff hereby incorporates the averments set forth in paragraphs 1- 42, above, as if said averments were set forth in full here.

44.     The actions of the Township constitute violations of HHI's rights as protected by the federal Fair Housing Amendments Act, 42 U.S.C. § 3601 et seq., by the Americans With Disabilities Act, 42 U.S.C. § 12132, and by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, in that:

    a. in its interpretation and enforcement of its Zoning Code, the Township has intentionally discriminated against HHI based on the disabilities of the people they choose to serve and have denied to HHI's housing rights and the benefits of the law afforded to non-disabled persons;

8

b.   the Township has taken and threatens to take additional actions, and it has

made decisions that impose a discriminatory disparate impact on HHI and on the disabled

residents it would serve.

45.   As a direct and proximate cause of the Township's actual and threatened actions,

HHI has suffered and will continue to suffer both economic and monetary damages, deprivation

of its federally protected rights, and equitable injuries.


### PRAYER FOR RELIEF

**WHEREFORE**, HHI prays this Honorable Court enter judgment in its behalf and

against the Township, enjoin the Township from its present and from any future

discrimination, and award appropriate damages against the Township to compensate HHI

for its injuries and losses, award attorneys' fees and costs to HHI, and enter such

additional remedies as may seem just and right.

Respectfully submitted,

Guy Vilim
Attorney Id. No. 42633
Law Office of Guy Vilim, LLC
11 South Olive Street, Second Floor
Media, PA 19063
(610) 566-0711
gvilim@vilimlaw.com
Counsel to Plaintiff

9

# The Law Office of Guy VILIM, LLC

ATTORNEYS AT LAW
11 S. Olive Street
2nd Floor
MEDIA, PA 19063
610-566-0711
FACSIMILE 610-566-7711
email firm@vilimlaw.com

**GUY VILIM**
**NOREEN AMIR**

Emails
gvilim@vilimlaw.com
namir@vilimlaw.com

**December 12, 2018**

Tiffany Loomis
Director of Code Enforcement
East Norriton Township
2501 Stanbridge Street
East Norriton, PA 19401-1616

Re: **2921 Stoney Creek Road, East Norriton, PA 19401**

Dear Ms. Loomis:

My office represents Horizon House, Inc. ("HHI"). HHI is a Pennsylvania non-profit corporation that provides services to citizens who have developmental and physical disabilities. As you know, HHI has entered into a purchase agreement for the property identified above. HHI intends to use the house as a single-family dwelling for up to three disabled individuals. It is my understanding that the Township is requiring that HHI and/or the current owner provide the Township with information beyond what is normally required when non-disabled people buy a house with the intention of using it as a single-family dwelling. It is my further understanding that the Township intends to require that HHI undergo an additional application and hearing process that is not required of non-disabled purchasers. Please refer this matter immediately to your solicitor. As that solicitor will no doubt advise you, the imposition of ANY requirements on disabled people that are not also imposed on non-disabled people violates federal fair housing laws and laws protecting disabled people from discrimination. For ease of reference, please refer your solicitor to the following court opinion: Sharpvisions, Inc. v. Borough of Plum, 475 F. Supp. 2d 514 (W.D. PA 2007). In my opinion, even requiring HHI to retain my firm to write this letter already constitutes a violation of the rights of both HHI and the future occupants of the home. As of this writing, HHI has authorized my firm to take any and all actions necessary to protect its rights, including court action if necessary.

My hope is that by reaching out to you in this way, that will not be necessary. HHI wishes nothing more than to be good neighbors and good members of the community. As

1

*EXHIBIT A*

**Tiffany Loomis**
**December 12, 2018**
**Page 2**

closing on the house is scheduled for immediately after the New Year, your immediate attention
to this is required.  I hereby request that you, or another authorized representative of the
Township provide me with written confirmation before the close of business on Friday,
December 14, 2018, that the Township will treat my client and the sale of this property
EXACTLY the same as it would treat the sale of any other property proposed for use as a single-
family dwelling, and that the Township will erect no obstacles, delays, or impediments to the
completion of the sale as currently scheduled.

I look forward to your response.

Sincerely,

Guy Vilim

cc: P. Wolodzko

# KILKENNY LAW

519 Swede Street • Norristown, PA 19401
(484) 679-8150

JENNIFER L. PRIOR, ESQUIRE
Direct Dial: (484) 679-8156
Fax: (610) 879-3778
jennifer@skilkennylaw.com

**December 14, 2018**

**Via Email and Fax ((610) 566-7711)**

Guy Vilim, Esquire
The Law Office of Guy Vilim, LLC
11 S. Olive Street, 2nd Floor
Media, PA 19063
gvilim@vilimlaw.com

> **Re:    2921 Stoney Creek Road**
> **East Norriton, PA 19401**
> **Use & Occupancy Permit Application**

Dear Mr. Vilim:

As you are aware, this office serves as Solicitor to East Norriton Township (the "Township"). This letter is in response to the December 4, 2018 Use & Occupancy Permit Application ("U&O Application") submitted on behalf of property owner Linda Palmisano, and your December 12, 2018 letter to Township Zoning Officer/Director of Code Enforcement Tiffany Loomis.

The U&O Application states that Ms. Palmisano intends to sell the above-referenced property (the "Property") to your client, Horizon House, Inc. ("HHI"), that the property will be owner-occupied, and will not be operated as a group home. Due to the inconsistent information provided, and the fact that group homes are permitted by special exception in the BR-1 District in which the Property is located, Ms. Loomis requested more information regarding the intended use.

In response to Ms. Loomis' request for more information, you indicated during our phone conversation on December 12th and in your letter that HHI intends to use the Property as a single-family dwelling for up to three disabled individuals. HHI's website states the following regarding HHI's community residential living services:

> Community residential living is provided in homes accommodating up to four individuals with in-home support available 24/7. Homes are licensed and monitored by Horizon House staff including quality improvement specialists. Using a multidisciplinary approach, staff members are involved in each resident's specific goals and outcomes. Every consideration is made to provide for an

1

*EXHIBIT B*

individual's preferences, including home decor, leisure time, meal planning, recreation, and therapeutic activities. Family participation is encouraged and welcomed.

§205-5 of the East Norriton Township Zoning Ordinance defines "group home" as:

A residential facility used as living quarters by any number of unrelated persons requiring special care, specifically designed to create a residential setting for the mentally and physically handicapped. The individuals may be either transient or permanent residents. Any number of handicapped persons, as defined in Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, have the right to occupy a dwelling unit in the same manner and to the same extent as any family unit.

Therefore, HHI's services fit squarely within the Township's definition of "group home."

The Township supports HHI's mission and advocacy for disabled individuals. However, it must deny the U&O Application, as it cannot issue a U&O Certificate that certifies the property meets all ordinances and codes and may be used or occupied as intended, due to the Zoning Ordinance requiring a special exception to operate a group home in the BR-1 District.

Enclosed is the Township's Zoning Ordinance provision regarding group homes and a zoning application.

Sincerely,

Jennifer L. Prior

**Enclosures**

cc:   Cheryl Korkus (via email: ckorkus@cbpref.com)
      Linda Palmisano (via email: palmisano123@yahoo.com)
      Robert Hart, East Norriton Township Manager (via email)
      Tiffany Loomis, Zoning Officer/Director of Code Enforcement (via email)

**GROUP HOME**

A residential facility used as living quarters by any number of unrelated persons requiring special care, specifically designed to create a residential setting for the mentally and physically handicapped. The individuals may be either transient or permanent residents. Any number of handicapped persons, as defined in Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, have the right to occupy a dwelling unit in the same manner and to the same extent as any family unit.

[Added 5-27-2014 by Ord. No. 553]

**§ 205-21. Group homes. [Added 5-27-2014 by Ord. No. 553[1]]**

Group homes shall be permitted by special exception in the AR, BR, BR-1, MR, GA, CR, HR, HR-1, RR, RP, RO, ATR, and IN Zoning Districts, subject to the additional requirements listed below. Prior to obtaining a permit for a group home use, the applicant shall provide evidence that the group home will be in compliance with the below regulations, and the below regulations shall be in full force and effect so long as the dwelling continues to be used as a group home:

A.  A fire sprinkler system which complies with NFPA 13D (2007) shall be installed throughout the group home and any attached accessory buildings.

B.  A fire alarm system which complies with Chapter 11 of NFPA 72 (2007) shall be installed throughout the group home and any attached accessory structures.

C.  When applying for a group home permit, the applicant shall provide a dimensioned floor plan indicating the size of each room, including sleeping rooms, and identifying the maximum number of residents who will occupy each sleeping room, to demonstrate that the home will not be overcrowded and in compliance with all applicable building codes.

D.  When applying for a group home permit, the applicant shall provide a written statement describing how the facility will have adequate trained staff supervision for the number of residents and their related disability or disabilities.

E.  In place of the off-street residential parking requirements for residential units, a group home shall provide a minimum of four off-street parking spaces. A group home with more than four residents shall provide one additional off-street parking space for every two residents, or fraction thereof, in excess of four residents. All parking spaces shall measure no less than nine feet in width and 18 feet in length, and a garage shall not be counted as a parking space.

F.  Supervisory, counseling and medical services shall be provided only to residents of the group home, and no outpatient services will be provided to individuals who are not residents of the group home.

---

1.  **Editor's Note: This ordinance also provided for the renumbering of former §§ 205-21, 205-21.1, 205-21.2, 205-21.3, 205-22 and 205-23 as §§ 205-22, 205-22.1, 205-22.2, 205-22.3, 205-23 and 205-24, respectively.**

§ 205-21                                    § 205-21

G.   A minimum of one nonresident (caretaker) employee shall be on the premises at all times and shall be readily available to provide assistance to residents of the group home.

H.   All nonresident (caretaker) employees shall be qualified by training and/or experience to provide supervision and care to residents of the group home.

I.   If a group home is in a residential district, an appearance shall be maintained closely similar to nearby dwellings, and no sign shall identify the use.

**2501 Stanbridge Street**
**East Norriton, PA 19401**

**610-275-2800 tel**
**610-277-1879 fax**

**www.eastnorritontwp.org**

# East Norriton Township
# Zoning Hearing Board Application
# Conditional Use Application

## I. LOCATION

Address

| Parcel # | Zoning District |
|---|---|
| | |

## II. OWNER

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

## III. APPLICANT

| **Interest In Property:** | ❑ Owner | ❑ Equitable Owner | ❑ Tenant of Permission |
|---|---|---|---|

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

## IV. ATTORNEY

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

## V. RELIEF REQUESTED

| ❑ Use Variance | ❑ Dimensional Variance | ❑ Appeal | ❑ Challenge | ❑ Special Exception | ❑ Conditional Use |
|---|---|---|---|---|---|

| Code Section | Explain Relief Requested |
|---|---|
| § | |
| § | |
| § | |
| § | |
| § | |

*Note: Applicant must submit 26 sets of plans with this application.*

Applicant Signature: _____  Date: _____/_____/_____

## VI. APPLICATION FEE          (fees calculated based on the current fee schedule)

| Application Fee: $ | ZHB Application #: |
|---|---|

**ZONING APPLICATION**



# EAST NORRITON TOWNSHIP

250 1 Stanbridge Street. East Norriton, PA I 9401-1616 U.S.A.
610-275-2800          Fax: 610-277-1879
info@eastnorritontwp.org     www.eastnorritontwp.org

**BOARD OF SUPERVISORS**
**Kevin McDevitt**
*Chairman*
**Amanda Cappelletti, Esq.**
*Vice Chairwoman*
**Dennis DeSanto Jr.**
*Supervisor*
**Ashley DiPiero**
*Supervisor*
**Joseph Gavanus Jr.**
*Supervisor*
**Robert R. Hart, Esq.**
*Township Manager*

March 13, 2019

Horizon House
Attn: Mr. Patrick R. Wolodzko, C.R.
120 S. 30th Street
Philadelphia, PA19104
Email: Patrick.wolodzko@hhinc.org

*SENT VIA EMAIL, FIRST CLASS & CERTIFIED RETURN RECEIPT MAIL*

**Re:     2921 Stoney Creek Road, East Norriton Township, Montgomery County, Pennsylvania**
   - **DENIAL of USE & OCCUPANCY PERMIT APPLICATION located in the BR-1 Residential Zoning District**

Dear Mr. Wolodzko:

Our office received the above referenced application on March 8, 2019.  Your application has been denied and check returned for the following reason:

1. Group Homes are permitted in the BR-1 Residential Zoning District by Special Exception pursuant to Section 205-21 of the East Norriton Township Zoning Code.

Enclosed please find an application, the applicable ordinance, and instructions for your use and review.  Additionally, enclosed is the Township's original correspondence from our Solicitor's office to Mr. Guy Vilim, Esquire addressing the December 12, 2018 Use & Occupancy Application denial.

Please do not hesitate to contact our office with any additional questions or concerns your may have.

Sincerely,

Tiffany Loomis
Director of Planning & Code Enforcement

cc:     Township Solicitor (via email)
        Township Management (via email)
        Township Code Enforcement Department (via email)
        Township Police Chief (via email)
        Guy Vilim, Esq. (via email)

**2501 Stanbridge Street**
**East Norriton, PA  19401**

**610-275-2800 tel**
**610-277-1879 fax**

**www.eastnorritontwp.org**

# East Norriton Township
# Zoning Hearing Board Application
# Conditional Use Application

## I. LOCATION

| Address | |
|---|---|
| Parcel # | Zoning District |

## II. OWNER

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

## III. APPLICANT

| **Interest In Property:** | ❑ Owner | ❑ Equitable Owner | ❑ Tenant with Permission |
|---|---|---|---|
| Name | | Address | |
| Phone # | | City, State, Zip | |

## IV. ATTORNEY

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

## V. RELIEF REQUESTED

| ❑ Use Variance | ❑ Dimensional Variance | ❑ Appeal | ❑ Challenge | ❑ Special Exception | ❑ Conditional Use |
|---|---|---|---|---|---|
| **Code Section** | **Explain Relief Requested** | | | | |
| § | | | | | |
| § | | | | | |
| § | | | | | |
| § | | | | | |
| § | | | | | |

*Applicant must submit 17 sets of plans with this application and the applicant acknowledges, agrees and consents to the introduction of a memo from the Township Planner by the Township Zoning Officer notwithstanding the fact that the Planner may not be present at the Hearing.*

Applicant Signature: _____ Date: _____/_____/_____

## VI. APPLICATION FEE    (fees calculated based on the current fee schedule)

| Application Fee: $ | ZHB Application #: |
|---|---|

ZONING APPLICATION

EAST NORRITON TOWNSHIP

ORDINANCE NO. 553

**AN ORDINANCE OF EAST NORRITON TOWNSHIP, MONTGOMERY COUNTY, COMMONWEALTH OF PENNSYLVANIA, AMENDING PART II, CHAPTER 205, ZONING, OF THE CODE OF THE TOWNSHIP OF EAST NORRITON TO ADD THE DEFINITION OF "GROUP HOME" AND TO ADD GROUP HOME AS A USE PERMITTED BY SPECIAL EXCEPTION IN ALL RESIDENTIAL ZONING DISTRICTS AND THE INSTITUTIONAL DISTRICT AND PROVIDE ADDITIONAL REGULATIONS**

**WHEREAS**, the Board of Supervisors of East Norriton Township desires to amend The Code of the Township of East Norriton by adopting certain amendments to Chapter 205, Zoning, to add a definition of "Group Home," and to provide for the Group Home use in all residential districts, in compliance with the Civil Rights Act of 1968, Title VIII, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.A. § 3604, and to provide regulations for the group home use.

**NOW, THEREFORE**, be it, and it is hereby **ORDAINED** by the Board of Supervisors of East Norriton Township, and it is hereby **ENACTED** and **ORDAINED** by authority of same as follows:

**SECTION I.** Chapter 205 of the East Norriton Township Code entitled "Zoning" is amended as follows:

(1)     Section 205-5 entitled "Definitions" is amended to add the definition of "Group Home" to read as follows:

"GROUP HOME – A residential facility used as living quarters by any number of unrelated persons requiring special care, specifically designed to create a residential setting for the mentally and physically handicapped. The individuals may be either transient or permanent residents.  Any number of handicapped persons, as defined in Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, have the right to occupy a dwelling unit in the same manner and to the same extent as any family unit."

(2)     New Section 205-21 is added to read as follows:

"Group homes shall be permitted by special exception in the AR, BR, BR-1, MR, GA, CR, HR, HR-1, RR, RP, RO, ATR, and IN Zoning Districts, subject to the additional requirements listed below. Prior to obtaining a permit for a group home use, Applicant shall provide evidence that the group home will be in compliance with the below regulations, and the below regulations shall be in full force and effect so long as the dwelling continues to be used as a group home.

A.     A fire sprinkler system which complies with NFPA 13D (2007) shall be installed throughout the group home and any attached accessory buildings.

B.    A fire alarm system which complies with Chapter 11 of NFPA 72 (2007) shall be installed throughout the group home and any attached accessory structures.

C.    When applying for a group home permit, Applicant shall provide a dimensioned floor plan indicating the size of each room, including sleeping rooms, and identifying the maximum number of residents who will occupy each sleeping room, to demonstrate that the home will not be overcrowded and in compliance with all applicable building codes.

D.    When applying for a group home permit, Applicant shall provide a written statement describing how the facility will have adequate trained staff supervision for the number of residents and their related disability or disabilities.

E.    In place of the off-street residential parking requirements for residential units, a group home shall provide a minimum of four off-street parking spaces. A group home with more than four residents shall provide one additional off-street parking space for every two residents, or fraction thereof, in excess of four residents. All parking spaces shall measure no less than 9' in width and 18' in length and a garage shall not be counted as a parking space.

F.    Supervisory, counseling and medical services shall be provided only to residents of the group home and no outpatient services will be provided to individuals who are not residents of the group home.

G.    A minimum of one non-resident (caretaker) employee shall be on the premise at all times and shall be readily available to provide assistance to residents of the group home.

H.    All non-resident (caretaker) employees shall be qualified by training and/or experience to provide supervision and care to residents of the group home.

I.    If a group home is in a residential district, an appearance shall be maintained closely similar to nearby dwellings, and no sign shall identify the use."

(3)    Old Section 205-21 shall become Section 205-22

(4)    Section 205-21.1 shall become Section 205-22.1

(5)    Section 205-21.2 shall become Section 205-22.2

(6)    Section 205-21.3 shall become Section 205.22.3

(7)    Section 205-22 shall become Section 205-23

(8)    Section 205-23 shall become Section 205-24

## SECTION II. REPEALER
Any and all terms, conditions and provisions of any Ordinance or Resolution of the Township of East Norriton in conflict with the terms, conditions and provisions of this Ordinance are hereby repealed to the extent of such conflict.

## SECTION III. SEVERABILITY

The terms, conditions, and provisions of this Ordinance are hereby declared to be severable, and, should any portion, part or provision of this Ordinance be found by a court of competent jurisdiction to be invalid, unenforceable or unconstitutional, the East Norriton Township Board of Supervisors hereby declares its intent that the Ordinance shall have been enacted without regard to the invalid, unenforceable, or unconstitutional portion, part or provision of this Ordinance.

## SECTION IV. EFFECTIVE DATE

This Ordinance shall become effective five (5) days after enactment by the Board of Supervisors of East Norriton Township.

**ORDAINED AND ENACTED**, by the Board of Supervisors of the Township of East Norriton, Montgomery County, Commonwealth of Pennsylvania, this 27th day of May, 2014.

**EAST NORRITON TOWNSHIP
BOARD OF SUPERVISORS**

ATTEST:

JOHN A. ZURZOLA,
CHAIRMAN

DONALD DELAMATER,
SECRETARY

*East Norriton Township*

# ZONING HEARING BOARD
# PROCEDURES & GUIDELINES

1.  Fully complete Zoning Hearing Board & Conditional Use Application Sections I. to VI.  Please sign and date application.

2.  Provide seventeen (17) copies of plans together with fee (see below) payable to East Norriton Township.  **The site plan submitted with this application must be drawn to scale and it is highly recommended that it be prepared by a professional engineer or land surveyor.**

3.  Deed and/or proof of equitable ownership

4.  Notification will be sent to Applicant and their Attorney (if applicable) with dates that the case will be heard by the Township's Planning Commission and Zoning Hearing Board.

5.  Either the property owner or an attorney must represent an Applicant before the Zoning Hearing Board.

6.  The Zoning Hearing Board may provide a verbal decision at the Hearing however, a written Decision will be prepared within forty-five (45) days of the date of the final Hearing.  An original copy of the written Decision will be mailed to the Attorney and Applicant upon the written Decision being executed by the Zoning Hearing Board members within the forty-five (45) day period.

7.  If an appeal is denied, applicant has thirty (30) days to appeal decision in Montgomery County Courts.

## FEE SCHEDULE

Residential Fee        $500.00        -        Other than Residential $1,750.00

## ATTACHMENTS

- Zoning Hearing Board & Conditional Use Application.
- Resolution prohibiting the unauthorized practice of law.

For questions please contact Tiffany M. Loomis, Director of Planning & Code Enforcement/Zoning Officer at 610-275-2800, ext: 155, tloomis@eastnorritontwp.org.

s/zhbprocedures...2.24.2017

## EAST NORRITON TOWNSHIP ZONING HEARING BOARD
## MONTGOMERY COUNTY, PENNSYLVANIA

### RESOLUTION

RESOLUTION PROHIBITING THE UNAUTHORIZED PRACTICE OF LAW
BEFORE THE ZONING HEARING BOARD OF EAST NORRITON TOWNSHIP,
MONTGOMERY COUNTY, PENNSYLVANIA

**WHEREAS,** the unauthorized practice of law is a violation of 42 Pa. C.S. § 2524, which provides that a person who commits the unauthorized practice of law commits a misdemeanor of the third degree upon a first violation and a misdemeanor of the first degree upon the second or subsequent violation;

**WHEREAS,** the Montgomery Bar Association Unauthorized Practice of Law Committee issued an Opinion dated May 20, 2010, concluding that the appearance before a municipal quasi-judicial board by a person representing an applicant or appellant other than a duly licensed attorney at law in the Commonwealth of Pennsylvania constitutes the unauthorized practice of law; and,

**WHEREAS,** the Zoning Hearing Board of East Norriton Township, Montgomery County, Pennsylvania, desires to prohibit the unauthorized practice of law in proceedings before the Board.

**NOW, THEREFORE, BE IT RESOLVED,** that the Zoning Hearing Board of East Norriton Township, Montgomery County, Pennsylvania, shall prohibit the unauthorized practice of law in any matter before it which involves the presentation of an application and/or appeal under the provisions of the Pennsylvania Municipalities Planning Code and the Zoning Ordinance of East Norriton Township, Montgomery County, Pennsylvania, by requiring that a person representing an applicant or appellant before the Board shall be a duly licensed attorney-at-law in the Commonwealth of Pennsylvania.

**DULY PRESENTED AND ADOPTED,** by the East Norriton Township Zoning hearing Board at a public meeting held on the 13th   day of  July, 2010.

**EAST NORRITON TWP. ZONING HEARING BOARD**

**Evelyn Melchiorre, Chairperson**

**Lois M. Campana**

**Joseph Gavanus, Jr.**

HFR/sp #7271 General File 6-17-10

## Guy Vilim

| | |
|---|---|
| **From:** | Guy Vilim |
| **Sent:** | Tuesday, March 12, 2019 1:36 PM |
| **To:** | 'Jennifer Prior' |
| **Subject:** | RE: Horizon House, Inc. |

Ms. Prior

I write to alert you to the fact that Horizon House is making final preparations to occupy the Stony Bank house. In connection with these final preparations, my client filed an application for a Certificate of Occupancy on March 8, 2019. The Township's prompt approval of that application would be appreciated. In addition, it is my understanding that a representative of the Township approached an employee on the property recently and stated that the employee was on the property illegally and needed to leave. Obviously, we do not agree that there is anything illegal about the presence of the property owner's employees at the house. Consistent with this position, Horizon House will be moving furniture into the house over the next few days. As I have previously stated, Horizon House is not interested in conflict, so if the Township genuinely intends to block my client's occupancy, please let me know at your earliest convenience. In doing so, please state clearly that whatever message you respond with is delivered with the authority and agreement of the Township's responsible policy-makers.

Thank you for your attention to this.

Guy Vilim
Law Office of Guy Vilim, LLC
11 South Olive Street
Second Floor
Media, PA 19063
(610) 566-0711
FAX (610) 566-7711

---

**From:** Jennifer Prior <jennifer@skilkennylaw.com>
**Sent:** Friday, December 14, 2018 12:10 PM
**To:** Guy Vilim <gvilim@vilimlaw.com>
**Cc:** Robert Hart <rhart@eastnorritontwp.org>; Tiffany Loomis <tloomis@eastnorritontwp.org>; Sean Kilkenny <sean@skilkennylaw.com>; ckorkus@cbpref.com; palmisano123@yahoo.com
**Subject:** RE: Horizon House, Inc.

Guy:

Please see the attached.

Thank you,

**Jennifer L. Prior, Esq.**
KILKENNY LAW, LLC
519 Swede St.
Norristown, PA 19401

*Exhibit C*

1



# EAST NORRITON TOWNSHIP

250 1 Stanbridge Street. East Norriton, PA I 9401-1616 U.S.A.
610-275-2800          Fax: 610-277-1879
info@eastnorritontwp.org      www.eastnorritontwp.org

**BOARD OF SUPERVISORS**
**Kevin McDevitt**
*Chairman*
**Amanda Cappelletti, Esq.**
*Vice Chairwoman*
**Dennis DeSanto Jr.**
*Supervisor*
**Ashley DiPiero**
*Supervisor*
**Joseph Gavanus Jr.**
*Supervisor*
**Robert R. Hart, Esq.**
*Township Manager*

March 13, 2019

Horizon House
Attn: Mr. Patrick R. Wolodzko, C.R.
120 S. 30th Street
Philadelphia, PA19104
Email: Patrick.wolodzko@hhinc.org

*SENT VIA EMAIL, FIRST CLASS & CERTIFIED RETURN RECEIPT MAIL*

Re:     **2921 Stoney Creek Road, East Norriton Township, Montgomery County, Pennsylvania**

- **DENIAL of USE & OCCUPANCY PERMIT APPLICATION located in the BR-1 Residential Zoning District**

Dear Mr. Wolodzko:

Our office received the above referenced application on March 8, 2019.  Your application has been denied and check returned for the following reason:

1. Group Homes are permitted in the BR-1 Residential Zoning District by Special Exception pursuant to Section 205-21 of the East Norriton Township Zoning Code.

Enclosed please find an application, the applicable ordinance, and instructions for your use and review.  Additionally, enclosed is the Township's original correspondence from our Solicitor's office to Mr. Guy Vilim, Esquire addressing the December 12, 2018 Use & Occupancy Application denial.

Please do not hesitate to contact our office with any additional questions or concerns your may have.

Sincerely,

*V. Loomis*

Tiffany Loomis
Director of Planning & Code Enforcement

cc:     Township Solicitor (via email)
Township Management (via email)
Township Code Enforcement Department (via email)
Township Police Chief (via email)
Guy Vilim, Esq. (via email)

**2501 Stanbridge Street**
**East Norriton, PA  19401**

**610-275-2800 tel**
**610-277-1879 fax**

**www.eastnorritontwp.org**

## East Norriton Township
## Zoning Hearing Board Application
## Conditional Use Application

### I. LOCATION

| Address | |
|---|---|
| Parcel # | Zoning District |

### II. OWNER

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

### III. APPLICANT

| Interest In Property: | ❑ Owner | ❑ Equitable Owner | ❑ Tenant with Permission |
|---|---|---|---|

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

### IV. ATTORNEY

| Name | Address |
|---|---|
| Phone # | City, State, Zip |

### V. RELIEF REQUESTED

| ❑ Use Variance | ❑ Dimensional Variance | ❑ Appeal | ❑ Challenge | ❑ Special Exception | ❑ Conditional Use |
|---|---|---|---|---|---|

| Code Section | Explain Relief Requested |
|---|---|
| § | |
| § | |
| § | |
| § | |
| § | |

*Applicant must submit 17 sets of plans with this application and the applicant acknowledges, agrees and consents to the introduction of a memo from the Township Planner by the Township Zoning Officer notwithstanding the fact that the Planner may not be present at the Hearing.*

Applicant Signature: _____  Date: _____/_____/_____

### VI. APPLICATION FEE          (fees calculated based on the current fee schedule)

| Application Fee: $ | ZHB Application #: |
|---|---|

ZONING APPLICATION

EAST NORRITON TOWNSHIP

ORDINANCE NO. 553

**AN ORDINANCE OF EAST NORRITON TOWNSHIP, MONTGOMERY COUNTY, COMMONWEALTH OF PENNSYLVANIA, AMENDING PART II, CHAPTER 205, ZONING, OF THE CODE OF THE TOWNSHIP OF EAST NORRITON TO ADD THE DEFINITION OF "GROUP HOME" AND TO ADD GROUP HOME AS A USE PERMITTED BY SPECIAL EXCEPTION IN ALL RESIDENTIAL ZONING DISTRICTS AND THE INSTITUTIONAL DISTRICT AND PROVIDE ADDITIONAL REGULATIONS**

**WHEREAS,** the Board of Supervisors of East Norriton Township desires to amend The Code of the Township of East Norriton by adopting certain amendments to Chapter 205, Zoning, to add a definition of "Group Home," and to provide for the Group Home use in all residential districts, in compliance with the Civil Rights Act of 1968, Title VIII, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.A. § 3604, and to provide regulations for the group home use.

**NOW, THEREFORE,** be it, and it is hereby **ORDAINED** by the Board of Supervisors of East Norriton Township, and it is hereby **ENACTED** and **ORDAINED** by authority of same as follows:

<u>SECTION I.</u> Chapter 205 of the East Norriton Township Code entitled "Zoning" is amended as follows:

(1)     Section 205-5 entitled "Definitions" is amended to add the definition of "Group Home" to read as follows:

"GROUP HOME – A residential facility used as living quarters by any number of unrelated persons requiring special care, specifically designed to create a residential setting for the mentally and physically handicapped. The individuals may be either transient or permanent residents. Any number of handicapped persons, as defined in Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, have the right to occupy a dwelling unit in the same manner and to the same extent as any family unit."

(2)     New Section 205-21 is added to read as follows:

"Group homes shall be permitted by special exception in the AR, BR, BR-1, MR, GA, CR, HR, HR-1, RR, RP, RO, ATR, and IN Zoning Districts, subject to the additional requirements listed below. Prior to obtaining a permit for a group home use, Applicant shall provide evidence that the group home will be in compliance with the below regulations, and the below regulations shall be in full force and effect so long as the dwelling continues to be used as a group home.

A.     A fire sprinkler system which complies with NFPA 13D (2007) shall be installed throughout the group home and any attached accessory buildings.

B.      A fire alarm system which complies with Chapter 11 of NFPA 72 (2007) shall be installed throughout the group home and any attached accessory structures.

C.      When applying for a group home permit, Applicant shall provide a dimensioned floor plan indicating the size of each room, including sleeping rooms, and identifying the maximum number of residents who will occupy each sleeping room, to demonstrate that the home will not be overcrowded and in compliance with all applicable building codes.

D.      When applying for a group home permit, Applicant shall provide a written statement describing how the facility will have adequate trained staff supervision for the number of residents and their related disability or disabilities.

E.      In place of the off-street residential parking requirements for residential units, a group home shall provide a minimum of four off-street parking spaces. A group home with more than four residents shall provide one additional off-street parking space for every two residents, or fraction thereof, in excess of four residents. All parking spaces shall measure no less than 9' in width and 18' in length and a garage shall not be counted as a parking space.

F.      Supervisory, counseling and medical services shall be provided only to residents of the group home and no outpatient services will be provided to individuals who are not residents of the group home.

G.      A minimum of one non-resident (caretaker) employee shall be on the premise at all times and shall be readily available to provide assistance to residents of the group home.

H.      All non-resident (caretaker) employees shall be qualified by training and/or experience to provide supervision and care to residents of the group home.

I.      If a group home is in a residential district, an appearance shall be maintained closely similar to nearby dwellings, and no sign shall identify the use."

(3)     Old Section 205-21 shall become Section 205-22

(4)     Section 205-21.1 shall become Section 205-22.1

(5)     Section 205-21.2 shall become Section 205-22.2

(6)     Section 205-21.3 shall become Section 205.22.3

(7)     Section 205-22 shall become Section 205-23

(8)     Section 205-23 shall become Section 205-24

**SECTION II. REPEALER**
Any and all terms, conditions and provisions of any Ordinance or Resolution of the Township of East Norriton in conflict with the terms, conditions and provisions of this Ordinance are hereby repealed to the extent of such conflict.

**SECTION III.  SEVERABILITY**

The terms, conditions, and provisions of this Ordinance are hereby declared to be severable, and, should any portion, part or provision of this Ordinance be found by a court of competent jurisdiction to be invalid, unenforceable or unconstitutional, the East Norriton Township Board of Supervisors hereby declares its intent that the Ordinance shall have been enacted without regard to the invalid, unenforceable, or unconstitutional portion, part or provision of this Ordinance.

**SECTION IV.  EFFECTIVE DATE**

This Ordinance shall become effective five (5) days after enactment by the Board of Supervisors of East Norriton Township.

**ORDAINED AND ENACTED**, by the Board of Supervisors of the Township of East Norriton, Montgomery County, Commonwealth of Pennsylvania, this 27th day of May, 2014.

**EAST NORRITON TOWNSHIP**
**BOARD OF SUPERVISORS**

ATTEST:

JOHN A. ZURZOLA,
CHAIRMAN

DONALD DELAMATER,
SECRETARY

*East Norriton Township*

# ZONING HEARING BOARD
# PROCEDURES & GUIDELINES

1.   Fully complete Zoning Hearing Board & Conditional Use Application Sections I. to VI.  Please sign and date application.

2.   Provide seventeen (17) copies of plans together with fee (see below) payable to East Norriton Township.  **The site plan submitted with this application must be drawn to scale and it is highly recommended that it be prepared by a professional engineer or land surveyor.**

3.   Deed and/or proof of equitable ownership

4.   Notification will be sent to Applicant and their Attorney (if applicable) with dates that the case will be heard by the Township's Planning Commission and Zoning Hearing Board.

5.   Either the property owner or an attorney must represent an Applicant before the Zoning Hearing Board.

6.   The Zoning Hearing Board may provide a verbal decision at the Hearing however, a written Decision will be prepared within forty-five (45) days of the date of the final Hearing.  An original copy of the written Decision will be mailed to the Attorney and Applicant upon the written Decision being executed by the Zoning Hearing Board members within the forty-five (45) day period.

7.   If an appeal is denied, applicant has thirty (30) days to appeal decision in Montgomery County Courts.

## FEE SCHEDULE

Residential Fee       $500.00       –       Other than Residential $1,750.00

## ATTACHMENTS

- Zoning Hearing Board & Conditional Use Application.
- Resolution prohibiting the unauthorized practice of law.

For questions please contact Tiffany M. Loomis, Director of Planning & Code Enforcement/Zoning Officer at 610-275-2800, ext: 155, tloomis@eastnorritontwp.org.

s/zhbprocedures...2.24.2017

**EAST NORRITON TOWNSHIP ZONING HEARING BOARD**
**MONTGOMERY COUNTY, PENNSYLVANIA**

**RESOLUTION**

RESOLUTION PROHIBITING THE UNAUTHORIZED PRACTICE OF LAW
BEFORE THE ZONING HEARING BOARD OF EAST NORRITON TOWNSHIP,
MONTGOMERY COUNTY, PENNSYLVANIA

**WHEREAS,** the unauthorized practice of law is a violation of 42 Pa. C.S. § 2524, which provides that a person who commits the unauthorized practice of law commits a misdemeanor of the third degree upon a first violation and a misdemeanor of the first degree upon the second or subsequent violation;

**WHEREAS,** the Montgomery Bar Association Unauthorized Practice of Law Committee issued an Opinion dated May 20, 2010, concluding that the appearance before a municipal quasi-judicial board by a person representing an applicant or appellant other than a duly licensed attorney at law in the Commonwealth of Pennsylvania constitutes the unauthorized practice of law; and,

**WHEREAS,** the Zoning Hearing Board of East Norriton Township, Montgomery County, Pennsylvania, desires to prohibit the unauthorized practice of law in proceedings before the Board.

**NOW, THEREFORE, BE IT RESOLVED,** that the Zoning Hearing Board of East Norriton Township, Montgomery County, Pennsylvania, shall prohibit the unauthorized practice of law in any matter before it which involves the presentation of an application and/or appeal under the provisions of the Pennsylvania Municipalities Planning Code and the Zoning Ordinance of East Norriton Township, Montgomery County, Pennsylvania, by requiring that a person representing an applicant or appellant before the Board shall be a duly licensed attorney-at-law in the Commonwealth of Pennsylvania.

**DULY PRESENTED AND ADOPTED,** by the East Norriton Township Zoning hearing Board at a public meeting held on the 13th day of July, 2010.

**EAST NORRITON TWP. ZONING HEARING BOARD**

Evelyn Melchiorre, **Chairperson**

Lois M. **Campana**

Joseph **Gavanus, Jr.**

HFR/sp #7271 General File 6-17-10



**KILKENNY LAW**

519 Swede Street • Norristown, PA 19401
(484) 679-8150



RECEIVED

DEC 1 4 2018

EAST NORRITON TOWNSHIP

JENNIFER L. PRIOR, ESQUIRE
Direct Dial: (484) 679-8156
Fax: (610) 879-3778
jennifer@kilkennylaw.com

**December 14, 2018**

**Via Email and Fax ((610) 566-7711)**

Guy Vilim, Esquire
The Law Office of Guy Vilim, LLC
11 S. Olive Street, 2nd Floor
Media, PA 19063
gvilim@vilimlaw.com

> Re:   **2921 Stoney Creek Road**
> **East Norriton, PA 19401**
> **Use & Occupancy Permit Application**

Dear Mr. Vilim:

As you are aware, this office serves as Solicitor to East Norriton Township (the "Township"). This letter is in response to the December 4, 2018 Use & Occupancy Permit Application ("U&O Application") submitted on behalf of property owner Linda Palmisano, and your December 12, 2018 letter to Township Zoning Officer/Director of Code Enforcement Tiffany Loomis.

The U&O Application states that Ms. Palmisano intends to sell the above-referenced property (the "Property") to your client, Horizon House, Inc. ("HHI"), that the property will be owner-occupied, and will not be operated as a group home. Due to the inconsistent information provided, and the fact that group homes are permitted by special exception in the BR-1 District in which the Property is located, Ms. Loomis requested more information regarding the intended use.

In response to Ms. Loomis' request for more information, you indicated during our phone conversation on December 12th and in your letter that HHI intends to use the Property as a single-family dwelling for up to three disabled individuals. HHI's website states the following regarding HHI's community residential living services:

> Community residential living is provided in homes accommodating up to four individuals with in-home support available 24/7. Homes are licensed and monitored by Horizon House staff including quality improvement specialists. Using a multidisciplinary approach, staff members are involved in each resident's specific goals and outcomes. Every consideration is made to provide for an

1

individual's preferences, including home decor, leisure time, meal planning, recreation, and therapeutic activities. Family participation is encouraged and welcomed.

§205-5 of the East Norriton Township Zoning Ordinance defines "group home" as:

A residential facility used as living quarters by any number of unrelated persons requiring special care, specifically designed to create a residential setting for the mentally and physically handicapped. The individuals may be either transient or permanent residents. Any number of handicapped persons, as defined in Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, have the right to occupy a dwelling unit in the same manner and to the same extent as any family unit.

Therefore, HHI's services fit squarely within the Township's definition of "group home."

The Township supports HHI's mission and advocacy for disabled individuals. However, it must deny the U&O Application, as it cannot issue a U&O Certificate that certifies the property meets all ordinances and codes and may be used or occupied as intended, due to the Zoning Ordinance requiring a special exception to operate a group home in the BR-1 District.

Enclosed is the Township's Zoning Ordinance provision regarding group homes and a zoning application.

Sincerely,

Jennifer L. Prior

Enclosures

cc:     Cheryl Korkus (via email: ckorkus@cbpref.com)
        Linda Palmisano (via email: palmisano123@yahoo.com)
        Robert Hart, East Norriton Township Manager (via email)
        Tiffany Loomis, Zoning Officer/Director of Code Enforcement (via email)

2