IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HORIZON HOUSE, INC.              :          CIVIL ACTION
                                 :
          v.                     :
                                 :
EAST NORRITON TOWNSHIP           :          NO. 19-1252

MEMORANDUM

Bartle, J.                                      November 7, 2022

On July 25, 2022, the court granted summary judgment on liability in favor of plaintiff Horizon House, Inc. and against defendant East Norriton Township, on plaintiff's claim that defendant violated the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601 et seq.[1]  On October 11, 2022, the court held a nonjury trial on the issue of damages.  The following includes a summary of the undisputed liability evidence as well as the court's findings of fact and conclusions of law on damages.

Plaintiff is a nonprofit organization that provides supportive services to individuals in Pennsylvania with intellectual disabilities.  In December 2018, plaintiff entered into an agreement to purchase a single-family home on Stoney Creek Road in East Norriton Township in Montgomery County, Pennsylvania.  Plaintiff at all times planned to use the

---

1.   The court also held that defendant violated the Americans with Disabilities Act, 42 U.S.C. §§ 12132 et seq., and the Rehabilitation Act, 29 U.S.C. §§ 794 et seq., as both claims are subject to the same analysis.

property to house up to three individuals with disabilities and provide them with supportive services.

Defendant repeatedly refused to issue plaintiff a certificate of use and occupancy, which was a prerequisite to plaintiff's ability to occupy the Stoney Creek Road property. In December 2018, defendant denied plaintiff's first application for a certificate of use and occupancy on the ground that plaintiff's proposed use constituted a "group home" under the East Norriton Township zoning ordinance.  The ordinance would have required plaintiff to apply for a special exception and comply with a series of regulations that are both financially and logistically burdensome.

Despite the initial denial of the certificate of use and occupancy, plaintiff completed the purchase of the property in January 2019.  Plaintiff twice again applied for the certificate in March and July 2019.  Defendant denied plaintiff's second and third applications.  Plaintiff appealed defendant's third denial to the Township's Zoning Hearing Board ("ZHB").  After a public hearing before the Township's Planning Commission, the ZHB denied plaintiff's appeal.  Meanwhile, on March 25, 2019, plaintiff filed the complaint that initiated this action.

In December 2019 plaintiff appealed the ZHB's denial to the Court of Common Pleas of Montgomery County.  In September 2020 the Court of Common Pleas held that the ZHB erred in finding that plaintiff's proposal was not a single-family dwelling and ordered the ZHB to issue a use and occupancy certificate for the property.  The ZHB appealed the decision to the Commonwealth Court of Pennsylvania, and defendant later moved to intervene in support of the ZHB.  The Commonwealth Court quashed the appeal in July 2021.  On September 29, 2021, defendant issued the certificate of use and occupancy to plaintiff.

Plaintiff in its amended complaint sought injunctive relief and compensatory damages.  The parties agree that the September 2021 issuance of the certificate of use and occupancy rendered moot plaintiff's request for injunctive relief. Plaintiff nonetheless continued to seek damages over the period during which it was unable to use the property because of defendant's denial of its use and occupancy certificate.

In May 2022 the parties filed cross-motions for summary judgment on liability under the FHAA.  The court granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment.  See Horizon House, Inc. v. E. Norriton Twp., Civ. A. No. 19-1252, 2022 WL 2916680, at *5

-3-

(E.D. Pa. July 25, 2022), <u>reconsideration denied</u>, 2022 WL 4119778 (E.D. Pa. Sept. 8, 2022).  The court held that defendant's zoning ordinance was facially discriminatory because it imposed significant financial and logistical burdens on those who sought to provide housing for individuals with disabilities. However, the court deferred ruling on defendant's argument that plaintiff failed to adduce sufficient proof of damages.  <u>Id.</u> at *6 n.2.

At the damages trial, plaintiff called a single witness, Jeffrey Wilush, the President and Chief Executive Officer of Horizon House and its Rule 30(b)(6) witness.  Wilush testified to the losses that plaintiff asserted were proximately caused by defendant's denials of its application for a certificate of use and occupancy.  The defendant called no witnesses.

The Supreme Court has held that a successful plaintiff in an action under the Fair Housing Amendments Act may recover damages for injuries proximately caused by the illegal conduct. <u>Bank of America Corp. v. City of Miami</u>, 137 S. Ct. 1296 (2017). The harm for which damages are sought must have "a sufficiently close connection to the conduct the statute prohibits."  <u>Id</u>. at 1305 (quoting <u>Lexmark Int'l, Inc. v. Static Control Components, Inc.</u>, 134 S. Ct. 1377, 1390 (2014)).

-4-

Plaintiff, it must be emphasized, does not seek to recover as damages the revenue payments which it would have received from the Commonwealth of Pennsylvania for housing three individuals in the house on Stoney Creek Road had defendant not violated the Fair Housing Amendments Act.  Throughout the discovery period as well as at the damages trial plaintiff made this point clear that it was not suing for lost revenue.  In fact, during the deposition of Wilush, plaintiff's counsel instructed him not to answer any questions about the Commonwealth's method of compensating Horizon House and threatened to adjourn the deposition if defendant's counsel continued with this line of inquiry.

Prior to trial, plaintiff's counsel advised defendant's counsel that plaintiff was seeking as damages only its costs related to the delay in occupying the Stoney Creek property caused by defendant's misconduct.  Plaintiff described its damages as follows:

> 1.   Mortgage and related costs (such as taxes paid) for the house.
>
> 2.   Legal fees for the zoning appeal that went to the Zoning Board, the Court of Common Pleas and the Commonwealth Court.
>
> 3.   Lost Revenue damages, which consist of those amounts that HHI paid out that it cannot recoup because it was not able to open the house.

Lost revenue damages were specifically described as mortgage and related costs, allocated costs, and administrative costs, all attributable to the unoccupied Stoney Creek property.

In a September 16, 2021 email, plaintiff's counsel told defendant's counsel that the latter had "all the documents that exist related to damages that Horizon House is actually claiming."  Plaintiff had produced no documents related to the revenue stream that Horizon House would have received from the Commonwealth for the occupants of the Stoney Creek property had defendant not withheld the proper use and occupancy permit.

The damages trial was scheduled to begin on Tuesday morning, October 11, 2022 (Monday being a Federal holiday). It was not until Friday, October 7, 2022, that plaintiff's counsel forwarded to defendant's counsel documents related to how the Commonwealth calculates payments to Horizon House and other similar entities for the residents of group homes such the Stoney Creek property.  According to plaintiff's counsel, plaintiff intended to establish from these documents the revenue it would have been paid.  When plaintiff's counsel at trial sought to question Wilush about the documents, defendant's counsel objected as not having been provided the documents in a timely manner.  In response to questioning by the court, plaintiff's counsel conceded that the documents were produced at the eleventh hour, long after the discovery period had closed.

His only response for failing to do so earlier was that the documents were all in the public domain.  The court deferred ruling on defendant's objection at the trial.  The court now rejects the response of plaintiff's counsel and sustains defendant's objection.  There is no rule that relieves a party from its obligation to identify and produce relevant documents simply because they are somewhere available to the public. These documents will not be received as evidence.

In addition, plaintiff's counsel as noted had repeatedly advised defendant's counsel that plaintiff was not seeking as damages the amount of revenue not received from the Commonwealth.  Instead it was seeking mortgage and related costs, allocated costs, and administrative costs attributable to the Stoney Creek property during the time it would have occupied the property and was not receiving what it considered to be offsetting income from the Commonwealth.  However, the only way to prove these costs as damages is to establish that the revenue from the Commonwealth would have totally offset these costs.  To prove what it would have received, plaintiff needed to establish the method used by the Commonwealth to calculate the amount that would have been due and then calculate that amount.  Plaintiff could do so only through these documents at issue.  Plaintiff was attempting to use these documents for this purpose, after having denied defendant's counsel the opportunity to question

-7-

the Horizon House Rule 30(b)(6) witness on this very subject during his deposition, after misleading defendant's counsel weeks before the trial that he had all documents relevant to plaintiff's damages claim, and after then changing course and supplying defendant's counsel with the documents only on the eve of trial.

Plaintiff cannot have it both ways. It sought to engage in trial by ambush. Since plaintiff cannot prove damages attributable to mortgage and related costs, allocated costs, and administrative costs without these documents providing proof of what the Commonwealth would have paid, the court rejects plaintiff's claim for such damages.

Plaintiff also claims as damages its legal fees and costs in the amount of $29,943.91 related to challenging the action of the defendant before the Zoning Board of Adjustment, the Court of Common Pleas of Montgomery County, and the Commonwealth Court. At that time defendant was pursuing its objective to deny the issuance of the Use and Occupancy permit for the Stoney Creek property. The amount of legal fees and costs are fair and reasonable. The sum of $29,943.91 will be awarded as it constitutes damages for harm proximately caused by

defendant's conduct in violation of the Fair Housing Amendments Act.[2]

---

2.   Defendant asserts that plaintiff, Horizon House, Inc., lacks standing because it was actually plaintiff's wholly owned subsidiary, Horizon House Development Service, Inc., that was slated to provide supportive services at the Stoney Creek property.  This argument is meritless.  Plaintiff Horizon House, Inc. was the owner of the house in issue on Stoney Creek Road. Defendant's application of its zoning ordinance clearly deprived plaintiff of its ability to make the house available to individuals with disabilities.  Plaintiff has a constitutionally redressable injury.