IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HORIZON HOUSE, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EAST NORRITON TOWNSHIP | : | NO. 19-1252 |

<u>MEMORANDUM</u>

Bartle, J.                                                          February 3 , 2023

Before the court is the motion of Plaintiff Horizon House, Inc. for attorney's fees as the prevailing party pursuant to 42 U.S.C. § 3613(c)(2).

I

Plaintiff sued defendant East Norriton Township for violating the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. §§ 3601, et seq.[1] Plaintiff, a nonprofit organization that provides supportive services to individuals in Pennsylvania with intellectual disabilities, contended that the Township had refused to issue a certificate of use and occupancy to allow it to use a property within the Township it had purchased to provide housing for individuals with disabilities.

---

1. Plaintiff also sued under the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. §§ 794, et seq. These statutes are duplicative of the Fair Housing Amendments Act for present purposes.

Plaintiff commenced this action nearly four years ago.[2] After the parties engaged in a cycle of motion practice and amended complaints and conducted some discovery, the court stayed the proceedings to permit the Township's Zoning Hearing Board and the state court to determine whether, irrespective of the FHAA, the Township properly denied plaintiff's request as a matter of state zoning law.  Ultimately, the state court ordered the issuance of the certificate of use and occupancy thereby rendering moot plaintiff's request for injunctive relief in this action.  Nonetheless, plaintiff continued to seek damages for the period in which it had been unable to use the property and for legal fees associated with its proceedings before the Zoning Hearing Board and the state court.  The parties conducted more discovery and filed cross-motions for summary judgment.

On July 25, 2022, the court granted summary judgment in favor of plaintiff on the issue of liability.  It ruled that the Township's zoning ordinance was facially discriminatory because it imposed significant financial and logistical burdens on those who sought to provide housing for individuals with disabilities.  See Horizon House, Inc. v. E. Norriton Twp., Civ. A. No. 19-1252, 2022 WL 2916680, at *4-5 (E.D. Pa. July 25,

---

2.   For a more detailed account of this case's procedural history, see Horizon House, Inc. v. E. Norriton Twp., Civ. A. No. 19-1252, 2022 WL 16745117, at *1-2 (E.D. Pa. Nov. 7, 2022).

2022), reconsideration denied, 2022 WL 4119778 (E.D. Pa. Sept. 8, 2022).  The court thereafter held a non-jury trial on damages.  Plaintiff sought a total of $571,259.04 in compensatory damages: $77,028 in mortgage and related occupancy costs for the property in question, $39,264.40 in legal fees it incurred in connection with its Zoning Hearing Board appeal and its litigation before the state courts, and $454,966.64 in unreimbursed "administrative" and "allocated" costs.  See Doc. # 128, at 3-4.  After trial, however, the court awarded plaintiff only $29,943.91 in damages to compensate it for its legal fees.  The court denied all additional damages which plaintiff claimed for its mortgage and related occupancy costs and for administrative and allocated costs.  The court ruled as it did because plaintiff had failed to produce to the Township in a timely manner its relevant supporting documents.  See Horizon House, Inc. v. E. Norriton Twp., Civ. A. No. 19-1252, 2022 WL 16745117, at *2-3 (E.D. Pa. Nov. 7, 2022).

                              II

        The FHAA provides: "In a civil action [such as the one pending here], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees and costs."  42 U.S.C. § 3613(c)(2).  Plaintiff now seeks $313,693.50 in attorney's fees for 695.48 hours of

work, together with $2,572.79 in costs, and $400 for the court's filing fee.

The Supreme Court in Hensley v. Eckerhart, 461 U.S. 424 (1983), discussed the award of attorney's fees under a similar statute, 42 U.S.C. § 1988.  In order to recover attorney's fees, a plaintiff must be a prevailing party.  The Supreme Court has defined a prevailing party as one who "succeed[s] on any significant issue in [the] litigation which achieves some of the benefit the parties sought in bringing suit."  Id. at 433; see also Tex. State Tchrs. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989).

The Township contends that plaintiff should not be considered a prevailing party.  It notes that the state court's order requiring the Township to supply the certificate of use and occupancy rendered plaintiff's claim for injunctive relief moot.  It contends that plaintiff was awarded damages for an amount significantly less than what it had initially sought.  It also argues that plaintiff unreasonably prolonged this action in two ways.  First, the Township contends plaintiff could have shown that the ordinance was facially discriminatory by moving for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  Second, it cites the above-mentioned instance in which plaintiff withheld in discovery relevant documents to its claim for damages.

Notwithstanding the Township's contentions, plaintiff as noted above ultimately proved the Township's liability under the FHAA and was awarded damages. While plaintiff did not obtain injunctive relief in this action, its request for this relief became moot due to the state court's order requiring the Township to grant a use and occupancy certificate. The Township's liability for disparate treatment was not a foregone conclusion since briefing from both parties, as well as the court's Memorandum, relied on facts gleaned in discovery.

Moreover, the court will only decline to award fees for hours "spent litigating claims on which the party did not succeed and that were 'distinct in all respects from' claims on which the party did succeed." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting Hensley, 461 U.S. at 440). Here, plaintiff's action at all times focused exclusively on the unlawfulness of the Township's zoning ordinance under the FHAA. None of its time was spent litigating issues that were both unsuccessful and unrelated. Rather, the extent of plaintiff's success will be considered in deciding whether there should be a downward adjustment to the fee award. See id.

                                III

The court applies the "lodestar" formula to determine a reasonable fee amount. Souryavong v. Lackawanna Cnty., 872 F.3d 122, 128 (3d Cir. 2017). To apply this formula, the court

will multiply the "number of hours reasonably expended" by "a reasonable hourly rate." Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 177 (3d Cir. 2001). The lodestar is presumptively reasonable, and the court will award this amount unless there are "circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Souryavong, 872 F.3d at 128 (quoting Perdue v. Kenny A., 559 U.S. 542, 543-44 (2010)).

IV

The court first determines the reasonable hourly rate for plaintiff's counsel. A reasonable hourly rate is the "prevailing market rate[] in the relevant community" of an attorney with "experience and skill" comparable to that of the prevailing party's attorney. Loughner, 260 F.3d at 180. The prevailing party has the burden of establishing that the requested hourly rate comports with the above standard. Smith v. Phila. Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997). Once the prevailing party has met this burden, the defendant may contest the rates sought "only with appropriate record evidence." Id.

Plaintiff seeks an hourly rate of $675 for attorney Guy Vilim. He has been practicing law for over 35 years and has identified eight local civil rights actions that he has litigated. His requested rate is within the $650 to $700 range

for attorneys with over 25 years of experience under the Community Legal Services attorney fees schedule.[3] Plaintiff also seeks an hourly rate of $375 for attorney Noreen Amir. She has been practicing law for over 20 years. Her requested rate is below the $475 to $530 range for attorneys with comparable experience. "The fee schedule established by Community Legal Services ('CLS') has been approvingly cited by the Third Circuit as being well developed and has been found by the Eastern District of Pennsylvania to be a fair reflection of the prevailing market rates in [the] Philadelphia [legal market]." Maldonado v. Houstoun, 256 F.3d 181, 187 (3d Cir. 2001) (cleaned up).

The Township challenges these rates on two grounds. The Township contends that Vilim and Amir should be compensated at the same hourly rate that they charged to Horizon House in representing the organization before the Zoning Hearing Board and the state courts, $385 for Vilim and $185 for Amir. However, this federal civil rights action is materially different from that local and state zoning dispute in the character and complexity of the issues presented. In addition, plaintiff asserts that its attorneys charged discounted rates

---

3.  See Attorney Fees, Community Legal Services of Philadelphia, https://clsphila.org/about-community-legal-services/attorney-fees/ (July 1, 2018).

for the Zoning Hearing Board and state court matter as they typically do for nonprofit organizations such as Horizon House. Our Court of Appeals has said that "a for-profit public interest law firm that has an artificially low billing rate, [may recover] the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity, rather than the firm's billing rate." Student Pub. Int. Rsch. Grp. of N.J., Inc. v. AT & T Bell Labs., 842 F.2d 1436, 1450 (3d Cir. 1988). The Township offers no reason why this rule should not apply here.

    The Township also argues that the billing rates of plaintiff's attorneys should be lowered because the amount of time spent on certain tasks reflects a lack of experience. The Township cites no case that requires or permits the court to consider whether inflated hours demonstrate a lack of experience. The court disagrees that the examples of inflated hours so clearly call into question the experience and skill of plaintiff's counsel such that a reduction in billing rate is warranted. Rather, this argument is best assessed in determining how many hours were reasonably expended. Accordingly, the court will award attorney's fees at the hourly rates plaintiff requested.

V

The court next determines how many hours plaintiff's counsel reasonably expended on this matter.  In doing so, the court will not award fees for time that is "excessive, redundant, or otherwise unnecessary."  McKenna v. City of Philadelphia, 582 F.3d 447, 455 (3d Cir. 2009) (quoting Hensley, 461 U.S. at 434).  "Where an opposing party lodges a sufficiently specific objection to an aspect of a fee award, the burden is on the party requesting the fees to justify the size of its award."  Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 713 (3d Cir.), as amended (Nov. 10, 2005).  Thus, the court must "'go line, by line, by line' through the billing records" to determine whether they support the fee request.  Id.  Plaintiff asserts that Vilim reasonably expended 176.2 hours and Amir reasonably expended 519.28 hours.

The Township first lodges a general objection to plaintiff's request for attorney's fees.  It contends that its hours are unreasonably inflated to such an extent that the fee petition should be wholly dismissed as unreliable.  The court disagrees that the cited examples of alleged inflated billing demonstrate a lack of trustworthiness.  Our Court of Appeals has said that a fee petition should be not denied in entirety when it is just "grossly excessive" but only when it is "simply absurd."  Young v. Smith, 905 F.3d 229, 235 (3d Cir. 2018)

(quoting Hall v. Borough of Roselle, 747 F.2d 838, 841 (3d Cir. 1984)). The court will instead scrutinize each of plaintiff's counsel's billing entries subject to the Township's specific objections to determine if each is reasonable. In doing so, the court reviews the relevant filings when appropriate and considers them in the context of the action at the time it was filed.[4]

The Township contests the 28.33 hours that plaintiff's counsel spent researching and drafting its original complaint as well as the 17.67 hours spent researching and drafting its motion for a preliminary injunction on the ground that such requests are excessive. The complaint comprised nine pages addressing a single count and with minimal citation to legal authority. The time plaintiff's counsel spent on its original complaint is excessive in light of the pleading's relative simplicity. The court will reduce the amount of reasonable hours spent on drafting the original complaint to 20. On the other hand, the time plaintiff's counsel spent in researching and drafting its motion for a preliminary injunction is reasonable. That motion spanned 25 pages, cited many

---

4. Unless where otherwise noted, the court will apply reductions to the number of hours spent on a particular task pro rata based on each attorney's individual participation in the task as set forth in plaintiff's counsel's billing records.

authorities, and applied the law to the unique facts of the case.

The Township objects to the request for attorney's fees associated with responding to the Township's motion to dismiss plaintiff's original complaint. Plaintiff seeks 21.5 hours for this task. The Township's motion to dismiss raised the issue of ripeness, thus obligating plaintiff's counsel to research issues it had not previously addressed. On the other hand, plaintiff's brief consisted of only ten pages and included at least a page and a half of block quotations. The court finds that a 25% reduction in the number of hours billed to this task is appropriate. Thus, the reasonable time plaintiff's counsel spent in responding to the Township's motion to dismiss is 16.12 hours.

The Township asserts that plaintiff's counsel recorded excessive time drafting its amended complaint and responding to the Township's motion to dismiss the amended complaint. Plaintiff seeks to recover fees for 11.49 and 16.08 hours for each task respectively. The time plaintiff's counsel spent preparing the amended complaint is reasonable. The amended complaint added to the suit a claim for disparate impact liability under the FHAA as well as roughly twice as many factual allegations as plaintiff's original complaint. Although the court ultimately did not rule on plaintiff's theory of

disparate impact liability, the claim was closely related to its successful disparate treatment claim.  Likewise, the 16.08 hours plaintiff's attorneys expended in responding to the Township's motion to dismiss the amended complaint was reasonable considering the new, complex issues raised in both its pleading and the Township's subsequent motion.

The Township challenges plaintiff's request for attorney's fees for its preparation of certain discovery requests and interrogatories.  First, the Township argues that the 14.74 hours plaintiff's counsel spent in January 2021 on drafting requests for admission is excessive.  The requests comprise nine pages with 27 requests and 25 related definitions.  The majority of the requests sought to authenticate documents and establish basic background facts about the Township's zoning laws and the persons responsible for enforcing them.  Few of the definitions addressed terms specific to the case.  Second, the Township objects to six hours spent on January 10 and 11, 2022, in which Amir prepared eight interrogatories and requests for production of eight categories of documents.  Third, the Township objects to the 7.83 hours that Amir recorded on various days in February 2022 on drafting a notice of deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  That notice included approximately 60 subjects of inquiry as well as

31 definitions, although many definitions overlap with the definitions listed in prior discovery requests.

It is true, as plaintiff notes, that drafting interrogatories and discovery requests often involves substantial review of documents and governing law, thus necessitating more time beyond what it takes to draft the finished product. On the other hand, it is apparent there was substantial overlap in the work needed to produce the interrogatories and requests. Accordingly, the court will deduct 25% of the hours from these three tasks as excessive and redundant. Thus, plaintiff may recover fees for 21.42 hours in connection with these three discovery tasks.

The Township objects to fees for several tasks that both Amir and Vilim completed on the ground that the fees are duplicative. This includes the August 18, 2021 telephone conference with the court and the November 23, 2021 remote settlement conference before Magistrate Judge Hey as well as the depositions of Robert Hart and Tiffany Loomis. The court will overrule this objection. It was not redundant or excessive here for two attorneys to participate in the telephone conference and the depositions.

The Township next challenges the number of hours plaintiff's counsel spent working on two discovery motions. First, the Township objects to the 16.67 hours that plaintiff

spent responding to the Township's January 4, 2021 motion for sanctions. The dispute arose from the Township's request for the mental health records of plaintiff's prospective tenants. As this request presented a genuine question on the scope of discovery, plaintiff reasonably expended time and effort justifying why the information was irrelevant and why it had not produced the information so far. The court finds that the time plaintiff's counsel expended on this task was reasonable and not excessive.

Second, the Township takes issue with the 17.67 hours consumed for drafting plaintiff's March 4, 2022 motion to compel. That motion primarily sought historical information dating back to 2014 on whether the Township had approved any group homes under its zoning ordinance. This request reasonably furthered plaintiff's theory of disparate impact liability. The motion also sought to enforce a request for production of the minutes of the Township's Board of Supervisors and Planning Commission which recount the facts and circumstances around the passage of the group home ordinance. However, the underlying request for those minutes had never been properly served on the Township. Ultimately the motion was denied without prejudice following a productive telephone conference with the court in which the Township agreed to produce all documents that plaintiff sought. The court finds that the time plaintiff's

counsel expended on the motion was reasonable to the extent it sought the historical data concerning the Township's approval of zoning applications. The time plaintiff's counsel spent drafting the portion of the motion that addressed the Township's board minutes will be excluded as excessive. Accordingly, the court will award fees for 12 hours recorded in drafting this motion to compel.

The Township contends that the requested fees in connection with plaintiff's motion for summary judgment are excessive. The court agrees with the Township that the 177 hours plaintiff's counsel spent in reviewing documents for plaintiff's summary judgment motion and drafting the motion was excessive.[5] However, the motion relied on an extensive factual record and addressed liability under two different theories of the FHAA. The plaintiff ultimately prevailed. The court will sustain the Township's specific objection to fees for 4.5 hours that Amir spent drafting the affidavit of Jeffrey Wilush in connection with plaintiff's motion for summary judgment as excessive. The affidavit comprised only 22 paragraphs and many of those paragraphs covered undisputed background information.

---

5. The parties dispute how much time was spent in reviewing and preparing documents for plaintiff's summary judgment motion. The court has independently reviewed plaintiff's counsel's time records and determined that 177 of the hours can be attributed to preparing its summary judgment in total, including document preparation, researching, and drafting the motion.

The court will reduce the number of reasonable hours for this task to 2.5.  The court will further reduce as excessive the number of hours that plaintiff's counsel reasonably expended in drafting its motion for summary judgment by 20%. Thus, plaintiff may recover fees for 140 hours in connection with all tasks related to its motion for summary judgment.

The court will overrule the Township's challenge to the 62.17 hours plaintiff's counsel recorded in responding to the Township's summary judgment motion.  The Township raised new defenses in its motion that it had not previously litigated during the motion-to-dismiss stage.  Plaintiff's counsel was required to research new legal issues and draft a responsive statement of undisputed facts relevant to these issues.  The requested hours in connection with this task are reasonable.

The Township contests plaintiff's request for 11 hours Amir spent on various days in 2021 reviewing the deposition of Patrick Wolodzko.  Plaintiff notes that Amir had to review this deposition for multiple purposes--in responding to the Township's motion for sanctions and in preparing another witness's deposition.  However, the court agrees that this time is excessive and redundant considering that the deposition itself lasted no more than four hours.  Accordingly, the court will reduce the amount of time that can be recovered to five hours.

Finally, the Township objects to the 20.03 hours that plaintiff's counsel expended in drafting its post-trial brief. The brief spanned only ten pages and contained minimal reference to trial testimony. On the other hand, plaintiff's counsel was required to respond to the argument of the Township, raised for the first time in this lawsuit, that plaintiff lacked standing. Balancing these two factors, the court finds that 16 hours was an appropriate amount of time to prepare this brief. The court will otherwise exclude as excessive the additional time that plaintiff's counsel recorded for this task.

To determine the lodestar, the court multiplies the reasonable hours identified above[6] with the reasonable rates of Vilim and Amir as follows:

---

6. The court will also grant the various objections of the Township to specific short tasks. First, the court will grant the Township's objection to one hour that Vilim spent reviewing news reports related to the case, as he was already compensated for this time through the court's award of damages for plaintiff's legal fees. Second, the court will deduct as excessive one hour from the 1.25 hours that Amir billed on February 10, 2020, for drafting a subpoena. The document she prepared was a simple form, and plaintiff's counsel's only justification for the length of this task is that their paralegal who usually prepares the form was out of the office on the day it was prepared. Third, the Township objects to plaintiff's request for one hour that Amir spent on three different dates in which she sent simple schedule-related emails. The court will reduce the reasonable hours for these tasks to .5 hours. Fourth, the court will reduce from one to 0.5 hours plaintiff's request for fees associated with plaintiff's May 31, 2022 motion for an extension of time. The motion was unopposed and comprised little substance. Fifth, the Township has objected to the amount of time plaintiff's counsel

| Attorney | Reasonable Hours | Reasonable Rate | Lodestar |
|---|---|---|---|
| Guy Vilim | 158.96 | $675 | $107,298 |
| Noreen Amir | 462.71 | $375 | $173,516.25 |
| | | | Total: $280,814.25 |

VI

Finally, the court must decide whether to adjust the lodestar downward if it is not reasonable in light of the results obtained. Hensley, 461 U.S. at 436. A fee award may be reduced if the lodestar would be excessive in light of the prevailing party's limited "degree of success obtained." Id. The Supreme Court has explained that there is no "precise rule or formula" for a court to apply in deciding these issues and that the court has "discretion in making this equitable judgment." Id. at 436-37. As such, the court has broad discretion in deciding the appropriateness and the extent of a downward adjustment. Id.; see also Pub. Int. Rsch. Grp. of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).

As mentioned above, the Township asserts that plaintiff's fee award request should be reduced because plaintiff ultimately recovered significantly less in damages than it had initially sought. Plaintiff initially sought to

---

claimed for certain conferences with the court. Sixth, the court's minute entries reflect that the August 18, 2021 telephone conference lasted 15 minutes and the November 23, 2021 settlement conference lasted two hours. The court will deduct the amount of claimed time in excess of these durations from both attorneys' lodestar.

recover $531,994.64 in damages arising from its mortgage and related occupancy costs as well as administrative and allocated costs.  The court declined to award these damages.  Instead, it entered judgment in the amount of $29,943.91 to compensate plaintiff for its legal fees in the local and state zoning dispute.  Plaintiff was precluded from seeking additional damages because of its counsel's failure to disclose to the Township in a timely manner the documents necessary upon which plaintiff intended to rely to prove these damages.  In addition, plaintiff's claim for injunctive relief was rendered moot midway through this action as a result of the state court's ruling ordering the Township to supply the use and occupancy certificate for the property.  Nonetheless, plaintiff secured a favorable ruling on liability under the FHAA on an important civil rights issue.

      Plaintiff was only partially successful in this lawsuit and a downward adjustment from the lodestar is warranted.  Weighing plaintiff's success against its lack of success, the court will award plaintiff 65% of the lodestar amount, that is, $182,529.26 in attorney's fees.

      The Township does not object to the $2,572.79 in costs that plaintiff seeks.  Those costs, along with the $400 for the Court's filing fee, will be added with the adjusted lodestar and

awarded to plaintiff.  Accordingly, the court will award to plaintiff a total of $185,502.05.